# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM ANTHONY FAGNES, Inmate # BOP Reg. 22619-001, Plaintiff, | :: :: :: :: | CIVIL ACTION NO. 1:09-CV-01258-RWS |
| v. | :: :: | |
| MARY LEE ABELE, et al., Defendants. | :: :: | PRISONER ACTION |

## ORDER AND OPINION

Plaintiff, William Anthony Fagnes, an inmate at the Atlanta Federal Prison Camp, has submitted this *pro se* civil rights action, seeking relief under 18 U.S.C. § 1961, 21 U.S.C. § 848, and the Thirteenth, Fourteenth, and Eighth Amendments. Plaintiff's constitutional claims are brought against the defendant federal officials ostensibly under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and against the defendant state actors under 42 U.S.C. § 1983. The matter is now before the Court for an initial screening. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. 28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer

or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).

Moreover, a prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself" that the prisoner "can prove no set of facts [to] avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (noting that district court did not abuse its discretion in dismissing claim as time-barred when there was no indication in record that limitations period should be tolled – during, for example, plaintiff's pursuit of administrative remedies). See also Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (stating that "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed

pursuant to § 1915") (internal quotations omitted) (affirming 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of time-barred 42 U.S.C. § 1983 complaint as frivolous).

## II. The Complaint

Plaintiff has submitted a lengthy complaint and a massive amount of supporting documents, all intended to show that the twenty-three named Defendants–including three agents of the Federal Bureau of Investigation, two Assistant United States Attorneys, one United States Attorney, one Congressman, three state judges, and one federal judge, along with various other court officials, officials of the Federal Bureau of Prisons, and private individuals–conspired in a criminal enterprise to deprive Plaintiff of the proceeds of a large Alabama estate to which he and his wife were the principal heirs. (See Compl. at 13-18.) Plaintiff alleges that Defendants conspired to murder the owner of the estate by poisoning her with cocaine; to conceal her murder and her death; to frame and convict Plaintiff of trafficking in narcotics; and to sentence Plaintiff, an African-American, to a lengthy term of incarceration in federal prison, thereby preventing him from living "better" than whites do in Alabama. (See id.. at 1-12.)

3

## III. Discussion

### A. Causes of Action and Statutes of Limitations

#### 1. Racketeer Influenced and Corrupt Organizations Act (RICO)

Plaintiff purports to sue the Defendants under the federal racketeering statute (RICO), 18 U.S.C. §§ 1961 *et seq.* (Compl. at 3.) The statute of limitations for a civil RICO claim brought under 18 U.S.C. § 1964(c) is four years. See, e.g., Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1380 (11th Cir. 1997) (noting that "RICO claim accrues as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern") (internal quotations omitted).

#### 2. Continuing Criminal Enterprise statute

Plaintiff also seeks to recover from the Defendants under 21 U.S.C. § 848, the Continuing Criminal Enterprise statute. (Compl. at 3.) However, there is no indication in the wording of that federal criminal statute that it creates a private cause of action for the recovery of civil damages.

> Absent a clear indication from Congress, courts should not infer a civil cause of action from a criminal statute. California v. Sierra Club, 451 U.S. 287, 297 (1981). . . . [A]n implied private right of action should only be found where a court can confidently conclude Congress so intended.

4

> Moreover, the general rule is that a private right of action is not maintainable under a criminal statute.

Bansal v. Russ, 513 F. Supp. 2d 264, 279 (E.D. Pa. 2007) (citation and internal quotations omitted). See also Baker v. City of Hollywood, No. 08-60294, 2008 U.S. Dist. LEXIS 49315, at *29 (S.D. Fla. June 17, 2008) (citing cases for proposition that "[c]ivil causes of action . . . do not generally lie under the criminal statutes contained in Title 18 of the United States Code").

### 3.  42 U.S.C. § 1983 & Bivens

Plaintiff may seek relief under 42 U.S.C. § 1983 for a state official's alleged violations of provisions of the United States Constitution–such as the Eighth, Thirteenth, and Fourteenth Amendments (see Compl. at 3)–and under Bivens for a federal official's alleged violations. To state a § 1983 claim, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). This same standard applies to a Bivens claim. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). See also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into Bivens actions").

AO 72A
(Rev.8/82)

The statute of limitations for a § 1983 claim arising out of events occurring in Alabama is two years. See Dukes v. Smitherman, 32 F.3d 535, 537 (11th Cir. 1994). An identical two-year limitations period applies to a Bivens claim. See Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996) (concluding that "same statute of limitations applicable to actions under 42 U.S.C. § 1983 should apply to Bivens actions"). A § 1983 or Bivens claim accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). See Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (Story, J.) (noting that the federal "discovery rule" governing the accrual of a federal civil rights action provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury").

**B.    Disposition**

Plaintiff was indicted for drug trafficking in the United States District Court for the Northern District of Alabama on September 26, 2001. (Compl. at 1.) He was sentenced to 204 months' imprisonment on October 23, 2002. United States v. Fagnes, No. 2:01-CR-414-CLS (N.D. Ala. Oct. 23, 2002). Accordingly, the alleged events

6

underlying Plaintiff's claims occurred, and Plaintiff's claims accrued, more than six years before he submitted his complaint to this Court on May 3, 2009. Therefore, the two-year statute of limitations for Plaintiff's § 1983 and <u>Bivens</u> claims expired more than four years before he submitted his complaint, and the four-year statute of limitations for his civil RICO claims expired more than two years before he did so. Moreover, there is no private right of action under 21 U.S.C. § 848, the continuing criminal enterprise statute.[1] <u>See</u> <u>infra</u>, Sect. III.A.1.-3.

---

[1] In addition, most, if not all, of Plaintiff's claims are barred by the doctrine that the United States Supreme Court enunciated in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and further elucidated in <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005), namely, "that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." <u>Wilkinson</u>, 544 U.S. at 81-82. The same doctrine applies to a federal prisoner's <u>Bivens</u> action. <u>See, e.g.</u>, <u>Abella v. Rubino</u>, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (stating that "injunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in . . . <u>Bivens</u> actions"). The gravamen of Plaintiff's complaint is that he was wrongly convicted as part of a scheme to deprive him and others of their rightful inheritance from a large Alabama estate. Thus, success on his claims "would necessarily demonstrate the invalidity" of his current confinement, and he may not proceed on those claims until he establishes that his conviction has been "reversed on direct appeal" or otherwise expunged, declared invalid, or called into question. <u>See</u> <u>Heck</u>, 512 U.S. at 486-87.

AO 72A
(Rev.8/82)

## IV. Conclusion

For the foregoing reasons, the Court **FINDS** that Plaintiff's complaint is frivolous, and **DISMISSES** it. See 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion for Freezing the Assets of the Defendants and Restitution Pursuant to Federal Rule 64 (Doc. 3) is **DENIED**.

**IT IS SO ORDERED** this  11th  day of June, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)